UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CASEY NEWPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-499-CEA-JEM |
| | ) | |
| STATE OF TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Doc. 1], the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], and Plaintiff's Amended Complaint [Doc. 7]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 2**] but **RECOMMENDS** that the District Judge **DISMISS** the Complaint and the Amended Complaint [**Docs. 1 and 7**].[1]

## I.    DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 2] with the required detailing of her financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs

---

[1]    Generally, when a plaintiff files an amended complaint, it supersedes the original complaint. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) ("[O]nce accepted, an amended complaint replaces the original."). But here, Plaintiff's Amended Complaint does not restate her original claims; rather, it adds new claims and parties. In light of Plaintiff's pro se status, the Court therefore has screened both pleadings.

of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff is not currently employed and has zero assets. Considering Plaintiff's Application, it appears to the Court that her economic status is such that she cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     **RECOMMENDATION AFTER SCREENING OF THE COMPLAINT**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[2] Courts also have a continuing duty to ensure

---

[2]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to

that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.     Summary of the Complaint

Plaintiff names the following Defendants in this case: the State of Tennessee, FBI, Matt Armes, Carey Newport, Sara Armes, UT Hospital, Fort Sanders Hospital, Tennova Hospital (both locations), Amanda Hamby, Morgan County Jail, Morgan County Officers, Morgan County Ambulance, Roane County Jail, all Covenant Hospitals, Pennisula Hospital, East TN Behavioral Health, Moccasin Bend, TCCS Evolve – Chattanooga, Evolve – Smithville, Evolve – Knoxville, Knox County, Knox County Officers, Halfway Houses in Knoxville, Clear Meadows, Justice & Dignity, Open Door, Chattanooga Officers, Karm, Helen Ross McNabb 24 Hours Mental Health, City of Chattanooga, City of Smithville, Roane County, Morgan County, and Knoxville City [Doc. 1 p. 3; Doc. 1-1; Doc. 7 p. 1].

Plaintiff alleges that she is a "Targeted Individual" ("TI") and that this started in March 2022 [Doc. 1 p. 3]. She claims that she is "gang stalked ever[y] place [she has] been" and that she is "me[n]tally tortured as well as physically tortured every time" [*Id.*]. She contends that when she

___

screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007).

tells someone, she is "sent to hospitals and put in mental hospitals" and that she has "never been in a mental hospital until this started in" March 2022 [*Id.* at 4]. According to Plaintiff, one of her "gang stalkers and control[l]ers is Matt Armes which is a [Tennessee] highway patrol" [*Id.*]. As a result, she alleges that "everyone seems to listen to him about not believing [her]" [*Id.*].

Plaintiff explains that "[t]his claim is to prove [she] is a TI and give [her] justice that [she] deserve[s] and to help people like [her]" *Id.* She contends that "[t]he proof is on the paper for every place [she has] been" and that "they follow her even now" [*Id.*]. Plaintiff submits that "[i]t can be easy to prove by you" [*Id.*]. Further, Plaintiff alleges that she has a "device that is in [her] that [she is] sexually assaulted with and . . . never consented to . . . and was never asked" [*Id.*]. Plaintiff also claims that she has a "you tube page in [her] name with no consent that animation that was put there by gang stalkers as well as Crunchroll that [she] never consented to that has [her] on it" [*Id.*].

Plaintiff filed an Amended Complaint, stating that "[TI] – HIPPA Law on all hospitals and the control[l]ers" [Doc. 7 p. 1]. In her Amended Complaint, Plaintiff adds Matt Armes's wife, Sara Armes, "to tort claim as well as lawsuit on them" [*Id.*].

For relief, Plaintiff asks the Court to "prove [her] case as well as justice for [herself]" [Doc. 1 p. 5]. Plaintiff also requests "proof of being a targeted individual, HIPPA law violated by the control[l]ers, gang stalkers letting them know [her] medical issues in this case, mental torture, physical torture, and proving a device that is inside [her] that [she] get[s] sexual assault 24/7 in State of Tennessee publicly happening present time" [Doc. 7 p. 5].

**B.      Screening of the Complaint and Amended Complaint**

Plaintiff utilizes the form for Complaint of Violation of Civil Rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured

4

by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To begin, Plaintiff names several private actors who cannot be held liable under § 1983. *See Rangel v. Rios*, No. 1:14-cv-61, 2014 WL 713032, at *4 (W.D. Mich. Feb. 24, 2024) ("Plaintiff may not proceed under section 1983 against a private party, 'no matter how discriminatory or wrongful the parties conduct.'" (quoting *Tahfs v. Procter*, 316 F.3d 583, 590 (6th Cir. 2003)). Plaintiff bears the burden of proving that a private actor acted under the color of state law to be considered a state actor and held liable under § 1983. *HealthCall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 22-10797, 2022 WL 3153780, at *13 (E.D. Mich. Aug. 8, 2022) (citation omitted). Here, Plaintiff's Complaint and Amended Complaint contain no allegations sufficient to establish that any private actors named as a defendant acted under color of state law.

Moreover, "[t]o hold an individual defendant liable under § 1983, a plaintiff must allege 'personal involvement' in the alleged unconstitutional conduct." *Peace v. Carter*, No. 2:24-CV-4237, 2025 WL 3763825, at *5 (S.D. Ohio Dec. 30, 2025) (citation omitted). Plaintiff has failed to assert allegations of personal involvement against any defendants, other than Defendant Armes, who she alleges is a "gang stalker and control[l]er" [Doc. 1 p. 4].

Turning to Plaintiff's claims, she has not alleged deprivation of her constitutional rights. Instead, she makes vague assertions that she is a targeted individual and that she is being mentally and physically tortured at every place she goes. Plaintiff contends that she is sent to a mental hospital when she tells people about this. Plaintiff also claims that she has a device inside of her that she never consented to that sexually assaults her.

The Court need not credit these allegations. *See Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) ("The standard is not whether or not the district court believes the [plaintiff]—

rather, it is whether the facts are rational."). A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "A complaint is frivolous only if the plaintiff fails to present a claim with an 'arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 325). A complaint is legally frivolous "when 'indisputably meritless' legal theories underlie the complaint," and the complaint is factually frivolous "when it relies on 'fantastic or delusional' allegations." *Id.* (quoting *Neitzke*, 490 U.S. at 325).

Courts in this circuit have dismissed allegations similar to those alleged here as frivolous. *See Sorezo v. Smith*, No. 2:22-CV-12489, 2023 WL 162196, at *1–2 (E.D. Mich. Jan. 11, 2023) (dismissing as frivolous the plaintiff's claim that NASA "invaded his privacy using space technology"); *Krusell v. Biden*, No. 1:21-cv-484, 2021 WL 3489613, at *1–2 (W.D. Mich. Aug. 9, 2021) (dismissing as frivolous the plaintiff's allegation of medical problems caused by Nazis and a "fungal nanotech virus from DARPA"); *Valadez v. Whipple*, No. 7:20-mc-1220, 2021 WL 8016842, *2 (S.D. Tex. Jan. 12, 2021) (allegations that DEA agents used "Direct Energy Weapons" against the plaintiff were delusional and subject to dismissal); *Dorr v. Unknown Agent of Nat'l Sec. Agency*, No. 17-cv-12974, 2018 WL 4214402, at *1 (E.D. Mich. Sept. 15, 2018) (dismissing as frivolous the plaintiff's allegation that federal agencies intercepted his cell phone, causing him mental distress); *Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd.*, No. 18-219, 2018 WL 4492496, at *2 (6th Cir. Aug. 22, 2018) (affirming dismissal of allegations that plaintiff was raped, molested, tortured, and subjected to "biomedical treatments" and "severe radiation" in a mental health facility); *see also Valadez*, 2021 WL 8016482, at *2 ("Although these

6

allegations may be real to Plaintiff, a reasonable person would find them to be so delusional as to be wholly incredible." (citations omitted)).

Finally, Plaintiff claims that the gang stalkers and controllers who "let[] them know [her] medical issues in this case" violated HIPAA [Doc. 7 p. 5]. "HIPAA generally provides for confidentiality of medical records." *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citing 42 U.S.C. §§ 1320d-1 to d-7). "[P]rivate citizens have no standing to sue a covered entity for a violation of HIPAA." *Smith v. Louisville Metro Police Jail*, No. 3:21-CV-P533, 2022 WL 1306743, at *4 (W.D. Ky. May 2, 2022) (citations omitted). "Rather, an individual's 'only redress for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, which has the discretion to investigate the complaint and impose sanctions, both civil and criminal.'" *Brown v. Hill*, 174 F. Supp. 3d 66, 71 (D.D.C. 2016) (quoting *Johnson v. Kuehne & Nagel Inc.*, No. 11-cv-02317, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012)). Plaintiff has therefore not stated a claim of relief under HIPAA.

**C.     Amending the Complaint**

The undersigned has considered whether to allow Plaintiff to amend her pleadings. Justice does not require an opportunity to amend because Plaintiff's factual allegations are frivolous and her remaining HIPAA claim is barred as a matter of law.

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 2**] [3] but **RECOMMENDS**[4] that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 1**] and Amended Complaint [**Doc. 7**] with prejudice.

Respectfully,

*[signature]*

Jill E. McCook
United States Magistrate Judge

---

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).